**Baljinder Singh GREWAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72781.
Agency No. A77–421–555.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2004.*

Decided Feb. 18, 2004.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Patricia K. Buchanan, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

### MEMORANDUM**

Substantial evidence supports the determination of the Immigration Judge ("IJ") that Grewal's testimony in support of his asylum application was not credible. The IJ had a "legitimate articulable basis to question the petitioner's credibility," and offered "specific, cogent reason[s] for any stated disbelief." *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002) (quotation omitted).

The documents submitted by Grewal in support of his claim actually contradicted critical dates pertaining to the basis of his asylum claim. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000) (upholding adverse credibility determination where date of alleged rape differed from date of doctor's letter submitted in support of claim). On two documents, there were obvious and nearly identical alterations made to a date, neither initialed by the affiant. *See id.* (noting apparent falsification of doctor's signature). In addition, as the IJ noted, Grewal's testimony regarding his activities with the All India Sikh Student Federation ("AISSF") was rather vague, and it was unlikely that the AISSF would use him to recruit members when he himself would not join. *See Berroteran–Melendez v. INS,* 955 F.2d 1251, 1257 (9th Cir.1992) (holding an IJ can properly consider a lack of detail in making an adverse credibility determination).

The record does not compel the conclusion that Grewal's testimony was credible. Without credible testimony, there was no basis upon which to find that Grewal carried his burden of showing past persecution or a well-founded fear of persecution on account of a qualifying ground. Necessarily, Grewal cannot show that he was eligible for withholding of removal because the standard of proof required to establish eligibility for withholding of removal is higher than for establishing eligibility for asylum. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

PETITION DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.